# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

HAYES BICYCLE GROUP, INC.,

        Plaintiff,

v.                                                Case No. 06-CV-1305

MUCHACHOS INTERNATIONAL CO., LTD.
and LYNN A. MILES,

        Defendants.

_____

# ORDER

On December 22, 2006, plaintiff Hayes Bicycle Group, Inc. ("Hayes"), a Delaware corporation with principal place of business in Mequon, Wisconsin, filed a summons and complaint in the United States District Court for the Eastern District of Wisconsin seeking damages and injunctive relief against defendant Muchachos International Co., LTD. ("Muchachos"), a Taiwanese corporation. The complaint alleges breach of contract, trademark infringement, misappropriation and conversion of confidential and proprietary information, and tortious interference with contract. On August 22, 2007, Hayes amended its complaint to include a claim of intentional inducement to commit a trademark infringement against defendant Lynn A. Miles ("Miles"), a United States citizen living in Taiwan. Both defendants now move to dismiss the case for *forum non conveniens*.

The doctrine of *forum non conveniens* allows the court to dismiss a case, over which it has jurisdiction to hear, for "the convenience of the parties and the ends of justice." *In re Bridgestone/Firestone, Inc.*, 420 F.3d 702, 703 (7th Cir. 2005) (quoting

*Kamel v. Hill-Rom Co.*, 108 F.3d 799, 802 (7th Cir. 1997)). Before addressing the motion, the court finds it appropriate to address the jurisdictional basis of the claims asserted in Hayes's amended complaint. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 127 S.Ct. 1184, 1194 (2007) (holding that readily determinable jurisdictional questions be disposed of before making a *forum non conveniens* appraisal). Although the parties have not discussed the court's subject matter jurisdiction in their briefs, "the court has an independent duty to satisfy itself that is has subject-matter jurisdiction." *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (holding that courts have an obligation to determine whether subject matter jurisdiction exists even in the absence of a challenge by a party). According to the amended complaint, this court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. § 1125(a). (Am. Compl. ¶ 4, Docket # 8). These statutes govern the court's federal question jurisdiction, as well as the court's power to hear cases relating to trademarks. However, it appears that only Hayes's inducement to infringe and trademark infringement claims have the potential of presenting federal questions.[1] (Am. Compl. ¶¶ 85-88, 91-93). Hayes's breach of contract, conversion, misappropriation, tortious

---

[1] The amended complaint does not even allege a claim under 15 U.S.C. § 1125(a), which creates a private cause of action for false designations of origin, or false descriptions of products and services. With respect to the other trademark infringement claims, the court does not conclude that the amended complaint, on its face, fails to establish the court's federal question jurisdiction. *See generally McBee v. Delica Co.*, 417 F.3d 107, 120 (1st Cir. 2005) (holding that Lanham Act grants subject matter jurisdiction over claims involving extraterritorial conduct of foreign defendants "only where the conduct has a substantial effect on United States commerce").

interference with contract and common law trademark infringement claims present questions of Wisconsin state law. (Am. Compl. ¶¶ 57-84, 89-90). The amended complaint provides the court with no basis to assert jurisdiction over these claims. Specifically, the amended complaint does not plead or otherwise establish that Hayes's state law claims share a common nucleus of operative facts with a substantial federal claim such that the court could exercise its supplemental jurisdiction. *See Tech Enterprises, Inc. v. Wiest*, 428 F.Supp.2d 896, 901 (W.D.Wis. 2006)(citing *Mine Workers v. Gibbs*, 383 U.S. 715 (1966)); *see also* 28 U.S.C. § 1367(a). Therefore, the court is obliged to dismiss the state law claims in Hayes's amended complaint for lack of subject matter jurisdiction.

The court now turns to defendants' motion to dismiss for *forum non conveniens*.[2] Dismissal on *forum non conveniens* grounds is appropriate where "plaintiff's chosen forum would be oppressive and vexatious to the defendant, out of proportion to the plaintiff's convenience," and where "an alternative foreign forum exists." *In re Ford Motor Co.*, 344 F.3d 648, 651 (7th Cir. 2003) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)). A party seeking dismissal for *forum non conveniens* has the burden of persuading the court that an adequate alternative forum is available, and that the private and public interests favor the alternative forum. See *id.* at 651-52. While the court has discretion to dismiss a case for *forum*

---

[2] In light of the court's dismissal of Hayes's state law claims, the court notes that Hayes's assertion of a federal claim in its amended complaint does not necessarily preclude the court from dismissing the case on the grounds of *forum non conveniens*. *See Fustok v. Banque Populaire Suisse*, 546 F.Supp. 506, 513-14 (S.D.N.Y. 1982) (dismissing a case brought under the Commodity Exchange Act on *forum non conveniens* grounds).

-3-

*non conveniens*, the court generally gives deference to the plaintiff's choice of its "home forum." *See Kamel*, 108 F.3d at 802; *see also Piper Aircraft Co.*, 454 U.S. at 255-56.

The parties do not dispute that Taiwan provides an adequate and available alternative forum for this case. (Opp'n Br. 12-13, Docket #27). Therefore, the court must consider the relative private and public interests in litigating in the alterative fora. The private interests are based on the convenience of the parties, and include "the ease of access to sources of proof; availability of compulsory process for the attendance of unwilling witnesses; the cost of obtaining the attendance of willing witnesses; the possibility of viewing the premises, if necessary; and all other practical problems that make trial of a case easy, efficient and economical." *Kamel*, 108 F.3d at 803 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

With respect to the sources of proof, defendants argue that the "locus of performance" of the parties' agreement, the most relevant documents, and witnesses are all in Taiwan. Defendants claim that many documents are in Chinese and that many witnesses in Taiwan speak limited English. Defendants also argue that Hayes has already commenced three lawsuits in Taiwan related to the same trademark and contract dispute, and that those suits rely on the same documents relevant to this case. Hayes responds that all of its witnesses are in the United States, and most are in Wisconsin. Hayes also argues that most of defendants' witnesses in Taiwan are immaterial to its claims. The court finds the ease of access to sources of proof does not clearly favor either Taiwan or the Eastern District of

Wisconsin. Sources of proof in this case exist in both Taiwan and the United States. The activity alleged to have infringed on Hayes's trademarks occurred principally, but not exclusively, in Taiwan. (Am. Compl. ¶¶ 45, 55). However, much of the contract negotiations and communications apparently took place via e-mail, the records of which no easier to access in Taiwan than in the United States. (McNally Decl. ¶ 7, Docket #28). Moreover, both parties are prosecuting multiple claims against each other in Taiwan based on the alleged agreement between the parties. Taiwan-based witnesses and evidence revealed in those cases may prove helpful in easing access to Taiwan-based sources of proof in this case.

With respect to the availability of compulsory process for attendance of witnesses, defendants claim that they have identified twenty-eight potential witnesses necessary for their defense who are not subject to the court's subpoena power. According to defendant Miles, these witnesses include Muchachos's employees in Taiwan, as well as representatives of its suppliers, vendors and clients in Taiwan. (Miles Decl. ¶¶ 21-23, Docket # 20). Defendants also argue that it would be possible to compel witnesses in the United States to testify in Taiwanese proceedings pursuant to 28 U.S.C. § 1782, but that Taiwanese courts may not be willing to honor similar requests from this court. Hayes again argues that its witnesses are in the United States, and that defendants' witnesses would offer testimony only tangentially related to Hayes's claims. The court finds that the availability of compulsory process slightly favors Taiwan because of the number of Taiwan or China-based witnesses defendants claim are necessary, and due to the

uncertainty of the extent to which Taiwanese courts would cooperate in compelling testimony from unwilling witnesses.

The cost of obtaining attendance of willing witnesses also slightly favors litigating this case in Taiwan. Again, it appears that many of the witnesses in this case reside in Taiwan, and do not speak English. The court recognizes that wherever this case takes place, witnesses will need to travel. *See Peregine Myanmar Ltd. v. Segal*, 89 F.3d 41, 46-47 (2nd Cir. 1996). However, because Hayes is already asserting related claims in Taiwanese courts, the costs of producing its witnesses for Taiwanese proceedings seem to be a foregone conclusion. The costs of bringing Taiwanese witnesses to the United States, however, would accrue only if the case proceeds in this court.

To the extent that a view of the premises would be necessary in this case, the parties do not dispute that the relevant premises is in Taiwan. Defendants argue that a view of Muchachos's production facilities in Taiwan may be helpful in the case. Hayes responds that this factor is inapplicable to this case, and that any view that may be relevant could be reproduced by photographs or video. The court finds that this factor does not weigh in favor of dismissal because any view of the premises can be accomplished as easily with photographs or videos in a court in the Eastern District of Wisconsin as with a field trip or similar photographs or videos in a Taiwanese court. *See Santora v. Starwood Hotel and Resorts Worldwide, Inc.*, No. 05-C-6391, 2006 WL 1371432, at *2 (N.D.Ill. 2006).

-6-
Case 2:06-cv-01305-JPS   Filed 10/31/08   Page 6 of 12   Document 43

The court must also consider other practical concerns relating to the ease, expense, and efficiency of litigating in this district rather than in a Taiwanese court. Defendants argue that proceedings in this court would be duplicative, and that any possible judgment may be difficult to enforce. Hayes argues that the concurrent litigation it commenced in Taiwan should not factor into the court's determination. Courts have disagreed on the extent to which concurrent litigation in a foreign forum should factor into a *forum non conveniens* analysis. *Compare Adelson v. Hananel*, 510 F.3d 43, 54 (1st Cir. 2007) (holding that concurrent litigation is not a relevant factor in *forum non conveniens* analysis), *and Guidi v. Inter-Continental Hotels Corp.*, 224 F.3d 142, 148 (2nd Cir. 2000) (holding that the district court weighed related litigation too heavily in its *forum non conveniens* analysis), *with J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co., Ltd.*, 515 F.Supp.2d 1258, 1274-77 (M.D.Fla. 2007) (weighing previous litigation in the foreign forum as a factor in dismissing for *forum non conveniens*), *and Malaysia Int'l Shipping Corp. v. Sinochem Int'l Co.*, No. Civ.A. 03-3771, 2004 WL 825466, at *4 (E.D.Pa. 2004) (considering the duplicative nature of concurrent litigation in a foreign court as grounds for dismissal for *forum non conveniens*). The court has taken the parties' concurrent Taiwanese litigation into account only where it has shed light on other relevant factors, such as availability and costs in producing witnesses and other evidence. Even if the court considered the parties' various claims pending in the Taiwan courts, the court is not convinced that the litigation in Taiwan is wholly duplicative of Hayes's assertion of federal trademark claims here. For example, Hayes's trademark action in Taiwan

-7-
Case 2:06-cv-01305-JPS   Filed 10/31/08   Page 7 of 12   Document 43

seeks to invalidate Muchachos's Taiwanese trademarks.  Hayes's claims before this court seeks relief for the alleged infringement of its U.S. trademarks.  On the concern of enforcement, defendants have not demonstrated why a judgment issued by the court would be more difficult to enforce than any other judgment involving a foreign party.  Defendants have not presented any other practical concerns that would favor dismissal of this case.

In balancing these factors, the court finds that the private interests do not favor dismissal of Hayes's federal claims.  While compelling testimony of Taiwanese witnesses, and the costs of producing willing Taiwanese witnesses may be somewhat burdensome, the travel and translation costs seem inevitable in this case whether it is litigated in Taipei or Milwaukee.  Moreover, defendants have not demonstrated that they lack access to proof necessary to mount an effective defense in this court.

The court now weighs the public interests at play in this case.  In considering the public interests, the court considers the following factors:

> [T]he administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Kamel*, 108 F.3d at 803.  On administrative difficulties, defendants claim that allowing this case to continue in this court would congest the court's docket because of the burden of pursuing foreign evidence and translating documents and testimony.

-8-

Case 2:06-cv-01305-JPS   Filed 10/31/08   Page 8 of 12   Document 43

While it appears that some testimony and documents may need to be pursued in Taiwan and translated, most of the administrative difficulties can be mitigated by the parties themselves. The parties are actively engaged in litigation in Taiwan, and their retained Taiwanese counsel may prove helpful in resolving any discovery disputes. As to other evidence located in Taiwan, if the parties and non-parties cannot agree on disclosure, the court may issue letters rogatory notwithstanding the fact that Taiwan is not a signatory of the Hague Convention on the Taking of Evidence Abroad in Civil, or Commercial Matters. *See generally Societe Nationale Industrielle Aerospatiale v. United States District Court for the Sourthern District of Iowa*, 482 U.S. 522, 529-30 (1987) (holding that the Hague Convention on Evidence is not the exclusive means of conducting discovery abroad). Therefore, the administrative difficulties to not necessarily favor dismissal.

With respect to the second factor, the Eastern District of Wisconsin is the Hayes's home forum and local interests exist in this case. Hayes asserts that Muchachos marketed itself within the United States, and that Muchachos representatives visited Hayes's Mequon headquarters during contract negotiations. (McNally Decl. ¶¶ 5-7, Docket #28). Most importantly, this district and the United States have a strong interest in protecting their citizens' intellectual property from poaching by foreign entities. While this dispute is not completely local in nature, and Taiwan may have an interest in protecting its manufacturers, these factors do not outweigh the local interests of this district. Some courts have discounted the local interests of a United States plaintiff's home forum when the plaintiff conducts

extensive foreign business and seeks relief from injuries occurring abroad. *See Kamel*, 108 F.3d at 804 (citation omitted). However, Hayes alleges injury within the United States. Therefore, the local interests in this district do not favor dismissal.

The third public interest factor is not applicable to this case because Hayes has not asserted claims pursuant to the court's diversity jurisdiction. With respect to the fourth factor, defendants have not argued that Hayes's claims would present the court with problems applying foreign law or choosing between laws. Hayes's trademark claim would be governed by federal law. If Hayes had established jurisdiction, Hayes's state law claims would likely have been governed by Wisconsin state law. Finally, the court does not consider this case to present an unfair burden to citizens of this district that may be called to serve on a jury. The transactions between the parties in this case were not limited to Taiwan, and were not conducted solely in Chinese. Hayes's headquarters is in the Eastern District of Wisconsin, and Hayes claims it designed, developed and registered its marks in the United States. Therefore, the court finds that bringing this case to trial would not unfairly burden potential jurors. Based on the weighing of all of these factors, the court finds that the public interests do not weigh in favor of dismissing this case.

In sum, while Taiwan may provide an adequate and available forum for the parties, the private and public interests do not strongly favor Taiwan over this district. Defendants have not established that defending themselves in this district would be oppressive or vexatious, and, therefore, the court concludes that dismissal for *forum non conveniens* is not appropriate in this case. The defendants' motion is denied.

-10-

Case 2:06-cv-01305-JPS   Filed 10/31/08   Page 10 of 12   Document 43

Hayes has filed a related motion to compel defendants to answer the amended complaint. It claims that defendants have failed to file answers as ordered by the court in its February 29, 2008 order. In that order, the court granted defendants an extension of time to file responsive pleadings, and set a deadline of April 17, 2008. (Order, February 29, 2008, Docket #17). Hayes misconstrues the court's order. The court's order required defendants to respond to Hayes's amended complaint, but in no way foreclosed defendants' ability to answer or file a motion pursuant to Fed.R.Civ.P. 12 ("Rule 12"). Defendants filed their motion to dismiss on April 17, 2008. A motion to dismiss for *forum non conveniens* is not a motion for change of venue made pursuant to 28 U.S.C. §1404 as Hayes contends in its motion. *See generally In re Factor VIII or IX Concentrate Blood Prod. Litig.*, 484 F.3d 951, 954-56 (7th Cir. 2007) (reviewing the doctrine of *forum non conveniens*). While defendants' motion did not explicitly state that is was made pursuant to Rule 12, the court considers their motion to be made in compliance with the court's earlier order. Hayes also asks the court to order a Rule 26 conference and to proceed with discovery. The court declines to order any pre-answer discovery or scheduling at this juncture. The court will order defendants to answer the amended complaint based on the disposition of their motion to dismiss. However, the court denies Hayes's motion to enforce the court's February 29, 2008, order.

Accordingly,

**IT IS ORDERED** that plaintiff's breach of contract, conversion, misappropriation, tortious interference of contract and common law trademark

infringement claims as set forth in plaintiff's amended complaint be and the same are hereby **DISMISSED** without prejudice for lack of subject matter jurisdiction;

**IT IS FURTHER ORDERED** that defendants' motion to dismiss for *forum non conveniens* (Docket #18) be and the same is hereby **DENIED**; defendants shall file answers to the remaining claims of the plaintiff's amended complaint within 10 days of this order;

**IT IS FURTHER ORDERED** that plaintiff's motion to enforce the court's February 29, 2008 order (Docket #32) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge